**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MARK ANTHONY WILLIAMS, a/k/a
Michael Nemhardt, a/k/a Alex Cruz,
a/k/a Smiley,
          *Defendant-Appellant.*

No. 01-4928

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-97-142)

Submitted: September 23, 2002

Decided: October 9, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joseph E. Zeszotarski, Jr., POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellant. Frank B. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Mary Jude Darrow, Assistant United States Attorney, Tracey L. Gentry, Third Year Law Student, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mark Anthony Williams was convicted and sentenced to life incarceration for conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000), aiding and abetting possession with intent to distribute, and possession with intent to distribute, approximately 2300 grams of cocaine base, in violation of 18 U.S.C. § 2 (2000), 21 U.S.C. § 841(a)(1) (2000), and escape from custody, in violation of 18 U.S.C. § 751(a) (2000). Williams timely appealed.

First, Williams argues the district court erred in denying his motion to suppress evidence seized as a result of a checkpoint stop in New York City. We review the district court's legal conclusions on a suppression motion de novo, and the court's underlying factual determinations for clear error. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). This claim is meritless. The district court did not err in holding the checkpoint and search were constitutional. *City of Indianapolis v. Edmond*, 531 U.S. 32, 47 n.2 (2000); *United States v. Scheetz*, 293 F.3d 175, 182-84 (4th Cir. 2002); *United States v. Brugal*, 209 F.3d 353, 357 (4th Cir. 2000).

Second, Williams argues the district court's application of the sentencing guidelines violate *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In reviewing a district court's application of the sentencing guidelines, we review factual determinations for clear error, we review legal questions de novo, and we review mixed questions of law and fact with due deference to the district court. *United States v. Nale*, 101 F. 3d 1000, 1003 (4th Cir. 1996). This claim is meritless. Williams cannot establish *Apprendi* error. 21 U.S.C. §§ 841(b)(1)(A), 846 (2000); *Apprendi*, 530 U.S. at 490; *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Third, Williams argues his grand jury proceeding was flawed, invalidating the indictment under which he was prosecuted. We review an indictment for constitutional error and prosecutorial misconduct. *United States v. Mills*, 995 F.2d 480, 486 (4th Cir. 1993). This claim is meritless. Williams cannot establish his indictment should have been dismissed. *Id.* at 489.

Accordingly, we affirm Williams' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*